IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICOLE L. SCHMALZ,

    *Plaintiff,*

vs.

MORAN FOODS, LLC D/B/A SAVE-A-LOT FOOD STORES, FIRST CHOICE LANDSCAPING, LLC, and LAWN FORCE PROPERTY MANAGEMENT, LLC,

    *Defendants.*

Case No. 20-02063-EFM-TJJ

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Nicole Schmalz's Motion to Remand Cause to the Wyandotte County District Court (Doc. 26). Plaintiff contends that this case should be remanded because the Court lacks subject matter jurisdiction. For the reasons stated below, the Court grants the motion.

## I.    Factual and Procedural Background

Plaintiff originally filed this action in the District Court of Wyandotte County, Kansas. Defendant Moran Foods, LLC d/b/a Save-A-Lot Food Stores ("Moran Foods") removed this case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. In its Notice of Removal, Moran Foods stated its diversity requirement was satisfied because Moran Foods is a limited liability company organized under the laws of Missouri with its principle place of

business in Missouri.  On June 25, 2020, the Court instructed all Defendants to execute affidavits verifying the residence of each of its members.  On July 2, Moran Foods informed the Court that it could not provide the verifying information by the deadline imposed by the Court.  The Court gave the parties until July 10 to file a motion to remand or to show cause why the case should not be remanded.  Plaintiff filed a motion to remand on July 7.  Moran Foods did not respond to the motion.

## II.  Legal Standard

A civil case filed in state court is removable if that action could have originally been brought in federal court.[1]  Federal courts have subject matter jurisdiction on the basis of diversity if the amount in controversy is in excess of $75,000, and the parties are citizens of different states.[2]  A federal court must remand the action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[3]

## III.  Analysis

Here, Defendant Moran Foods has not established the parties are diverse in citizenship. The party asserting subject matter jurisdiction has the burden of establishing the federal court's jurisdiction.[4]  If a defendant is seeking removal, that defendant must prove jurisdictional facts by a preponderance of the evidence.[5]  Moran Foods removed this case to federal court, so it carries

---

[1] 28 U.S.C. § 1441(a).

[2] 28 U.S.C. § 1332(a).

[3] 28 U.S.C. § 1447(c).

[4] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[5] *McPhail v. Deere & Co.*, 529 F.3d 947, 953–54 (10th Cir. 2008).

the burden of establishing the Court's jurisdiction. Moran Foods has presented jurisdictional facts in its Notice of Removal, but these facts do not demonstrate that Moran Foods is a diverse party.

In diversity jurisdiction cases, citizenship of business entities depends on the organizational structure of such entities.[6] If the business entity is a limited liability company, the citizenship of such company is determined by the citizenship of each of its members.[7] Moran Foods is a limited liability company. Because of this, its organization under Missouri law and its principal place of business in Missouri does not establish its citizenship. The citizenship of Moran Foods can only be determined by knowing the citizenship of its members. Moran Foods had two opportunities to provide its citizenship information to the Court, but it did not. Without this information, the Court is unable to determine if it has subject matter jurisdiction. Thus, the Court must grant Plaintiff's motion and remand this case to the state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand Cause to the Wyandotte County District Court (Doc. 26) is **GRANTED.** The case is remanded to the District Court of Wyandotte County.

**IT IS SO ORDERED.**

This case is closed.

Dated this 25th day of September, 2020.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[6] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1236–38 (10th Cir. 2015).

[7] *Id.* at 1234.